UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE YANG,<br><br>    Plaintiff,<br><br>    v.<br><br>SAWAGASA, et al.,<br><br>    Defendants. | No.   2:25-cv-1811 CSK P<br><br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As set forth below, plaintiff is granted an opportunity to proceed as to his Eighth Amendment claims against defendants Sawagasa and Dr. Alex Farrar, or plaintiff may elect to amend his complaint as discussed below.

I.    SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. PLAINTIFF'S COMPLAINT

Plaintiff alleges that on September 19, 2021, the mace canister on defendant Correctional Officer Sawagasa's lap belt suddenly discharged, spreading two big bursts of mace[1] into plaintiff's cell, and the canister hit plaintiff's left shoulder.  Defendant Sawagasa left, and another correctional officer told plaintiff to leave to avoid the mace.  But then defendant Sawagasa returned and ordered plaintiff to clean the "massive mace" off plaintiff's bedsheets.  (ECF No. 1 at 4.)  Plaintiff told defendant Sawagasa that plaintiff has chronic asthma and could not do it, but defendant Sawagasa, also gagging and coughing, insisted plaintiff do it.  Plaintiff started coughing, gagging, itching, became temporarily blind, and could not breathe, and also felt pain in his left shoulder from where the mace canister hit him.  Defendant Sawagasa denied plaintiff decontamination and a shower, and refused plaintiff a cell move or a new mattress, and plaintiff was required to sleep on the mace-soaked mattress for 22 days without any medical treatment. (Id.)  Plaintiff alleges defendant Sawagasa used excessive force by ordering plaintiff to clean up the mace, causing plaintiff to inhale the mace, and requiring plaintiff to sleep on the mace-soaked mattress for 22 days, and violated the Eighth Amendment by denying plaintiff decontamination or a shower, and denying plaintiff a cell move; defendant Sawagasa was deliberately indifferent to plaintiff's medical needs, subjected him to unsafe conditions of confinement, subjected plaintiff to sexual discrimination, and violated the Due Process Clause of the Fourteenth Amendment.  (Id. at 5.)

---

[1] Plaintiff uses the terms "mace" and "pepper spray" interchangeably throughout his complaint. (ECF No. 1, passim.)

As injuries, plaintiff suffered inhalation of toxic fumes, causing coughing, watery eyes, burning, chest pain, itching, choking, gagging, stinging, severe difficulty breathing, chest pain, sleep interference, and severe asthma injury. (Id. at 4.)

In his second claim, plaintiff alleges that defendant Dr. Alex Farras refused plaintiff medical treatment for his continued difficulty breathing since the pepper spray exposure on September 21, 2021, and also refused to adequately treat plaintiff's diabetes and blood pressure, causing his diabetes to go out of control[2] and his blood pressure to 177. (Id. at 8.) Plaintiff alleges that while he attempted to obtain medical treatment, defendant Farras called plaintiff multiple derogatory names, and claimed to "send [plaintiff] out to prison so those blacks and Mexican inmates can tak[e] care of your ass." (Id. at 7.) Defendant Dr. Alex Farras told plaintiff he had no right to get medical treatment. (Id. at 8.)

Plaintiff also claims that on or about "January to July 2023," defendant Dr. Alex Farras called plaintiff a "bitch" in front of the other inmates in the dayroom. (Id. at 7.) Plaintiff alleges that due to this he went back to his cell for fear of being beaten and assaulted. (Id.)

Plaintiff claims the actions of defendant Dr. Alex Farras violated the Eighth Amendment by denying plaintiff medical care from April 2021 to July 2023, but also claims "unsafe conditions, sexual discrimination and excessive force," and a due process violation, and alleges separate Eighth Amendment violations based on defendant Dr. Alex Farras' verbal abuse and threats. (Id. at 8.)

As injuries, plaintiff claims his severe asthma developed into bronchitis, making it difficult for him to breathe. (Id. at 4.) Plaintiff suffered injury from the pepper spray, increased blood pressure and possibly increased blood sugar. (Id. at 7.)

Plaintiff seeks money damages.

///

---

[2] Plaintiff claims it caused his diabetes to go up to 369 "milliates." (Id. at 7, 8.) However, plaintiff does not define "milliates," and it is not in the dictionary. To the extent plaintiff refers to a 369 reading on a blood glucose test, it appears his blood sugar was not well controlled. "[A]ccording to the World Health Organization, a normal fasting blood sugar level is between 70-100 mg/dL." Est. of Martinez v. Cnty. of L.A., 2024 WL 3891061, at *2 (C.D. Cal. Aug. 21, 2024).

III.     RELEVANT EIGHTH AMENDMENT STANDARDS

     A.  Eighth Amendment – Conditions of Confinement

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met:  (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

     B.  Eighth Amendment Claim:  Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.  A defendant does not

///

act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Negligence allegations are insufficient. Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). The indifference to the prisoner's medical needs must be substantial -- negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

### C. Eighth Amendment Claim: Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate. . . the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9.

### IV. DISCUSSION

Plaintiff claims that defendant Sawagasa used excessive force by ordering plaintiff to clean up the mace soaked bedsheets, by forcing plaintiff to inhale the massive amounts of mace, and to remain in the vapor-soaked cell. (ECF No. 1 at 5.) However, the Court does not construe

plaintiff's allegations as stating excessive force claims against defendant Sawagasa, but rather as subjecting plaintiff to unsafe conditions of confinement and deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. Plaintiff does not allege that defendant Sawagasa intentionally sprayed plaintiff or his cell with mace or pepper spray; rather, he alleges the canister suddenly exploded. Plaintiff includes no facts showing defendant Sawagasa used any force against plaintiff during the alleged incident. Thus, there are no facts supporting an excessive force claim against defendant Sawagasa. Instead, the Court finds that plaintiff states potentially cognizable Eighth Amendment claims against defendant Sawagasa for unsafe conditions of confinement, and deliberate indifference to plaintiff's serious medical needs.

In addition, the Court finds plaintiff states potentially cognizable Eighth Amendment claims against Dr. Alex Farras for deliberate indifference to plaintiff's serious medical needs.

However, as to both defendants, plaintiff includes no facts supporting sexual discrimination claims or due process violations, and he includes no facts supporting an excessive force claim against defendant Dr. Alex Farras. Rather, plaintiff simply refers to these alleged violations, in vague and conclusory fashion, at the end of the factual allegations as to defendant Dr. Alex Farras. (ECF No. 1 at 5, 8.) None of plaintiff's factual allegations support such claims.

In addition, plaintiff's allegations concerning defendant Dr. Alex Farras' verbal abuse and threats, while repugnant, do not state separate Eighth Amendment claims. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

## V. PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants Sawagasa and Dr. Alex Farrar and pursue only the potentially cognizable Eighth Amendment claims against those defendants identified above, or plaintiff may delay serving any defendant and attempt to state additional cognizable claims against those two defendants. If plaintiff elects to proceed forthwith against defendants Sawagasa and Dr. Alex Farrar, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the remaining claims against defendants Sawagasa and Dr. Alex Farrar without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state additional cognizable claims against defendants. If plaintiff elects to amend his complaint to attempt to state additional cognizable claims against defendants Sawagasa and Dr. Alex Farrar, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff

8

must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff is not granted leave to add new claims or new defendants.

## VI. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests that the Court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

VII.    ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this Court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendant Sawagasa for unsafe conditions of confinement and against defendants Sawagasa and Dr. Alex Farrar for deliberate indifference to plaintiff's serious medical needs. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

4. The remaining claims against defendants Sawagasa and Dr. Alex Farrar are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state additional cognizable claims against defendants Sawagasa and Dr. Alex Farrar. Plaintiff is not obligated to amend his complaint.

5. Failure to comply with this order will result in a recommendation that this action proceed solely on the cognizable claims identified above.

///
///
///
///

6. Plaintiff's motion for the appointment of counsel (ECF No. 3) is denied without prejudice.

Dated: July 7, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/yang1811.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE YANG,<br><br>        Plaintiff,<br><br>   v.<br><br>SAWAGASA, et al.,<br><br>        Defendants. | No. 2:25-cv-1811 CSK P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____   Plaintiff opts to proceed with his Eighth Amendment claims challenging the conditions of confinement against defendant Sawagasa, and the deliberate indifference to plaintiff's serious medical needs against defendants Sawagasa and Dr. Alex Farrar. Under this option, plaintiff consents to dismissal, without prejudice, of the remaining claims against defendants Sawagasa and Dr. Alex Farrar, including excessive force, sexual discrimination, due process violations, and verbal abuse and threats.

**OR**

\_\_\_\_\_   Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                                 Plaintiff

1