UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE YANG,

   Plaintiff,

  v.

SAWAGASA, et al.,

   Defendants.

No.  2:25-cv-1811 CSK P

ORDER

  Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983.  This action proceeds on plaintiff's Eighth Amendment claims against defendant Sawagasa for unsafe conditions of confinement and against defendants Sawagasa and Dr. Alex Farras for deliberate indifference to plaintiff's serious medical needs.  Plaintiff is currently housed at the California Health Care Facility ("CHCF") where these alleged violations took place.  Plaintiff requests that the Court help obtain information to serve defendants Sawagasa and Dr. Alex Farras, and requests the appointment of counsel.  As discussed below, plaintiff's requests are denied, but plaintiff is granted an extension of time to locate the defendants and provide the Court with the information necessary to order service of process.

I.  MOTION FOR ASSISTANCE TO LOCATE DEFENDANTS

  Process directed to defendant Sawagasa was returned unserved because "CHCF does not have an officer by that name who worked at CHCF on the day of the alleged incident,

1

9/19/2021, or ever." (ECF No. 17.) The investigative analyst who returned the unexecuted summons stated that he "checked with the CHCF's Assignment Lieutenant's Office roster, for all the officers who worked on 9/19/2021 in C2A, for all 3 watches (1st, 2nd, and 3rd watch), and no name appears that matches "Sawagasa", or comes close to it." (ECF No. 17 at 1.)

Process directed to defendant Alex Farras was returned unserved because "CHCF does not have a doctor by the name of Alex Farras." (ECF No. 17 at 2.) The investigative analyst added:

> However, CHCF does have a doctor named Alex Farhat. I also checked with CCHCS HR [California Correctional Health Care Services Human Resources] to confirm that Dr. Farhat was working on the two days in question, 9/28/21 and 10/27/21. HR confirmed that Dr. Farhat did work on both days. I then checked with Health Care Compliance Office to see if there are any notes in YANG's Medical chart for 9/28/21 or 10/27/21, reflecting that YANG met with Dr. Farhat, and that search came back with negative results.

(ECF No. 17 at 2.)

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the U.S. Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause.'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to

2

effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

Plaintiff insists that correctional officer's Sawagasa's name is correct (other than missing her first name), and that Dr. Alex Farras was the primary care physician in building 2-A.  (ECF No. 20.)  However, the record demonstrates that the U.S. Marshal's office attempted to serve both defendants, but were informed that the named defendants were not employed at CHCF, and that although a Dr. Alex Farhat was employed at CHCF, there were no medical records reflecting plaintiff met with Dr. Farhat on September 28, 2021 or October 27, 2021.  Plaintiff must provide additional information for the Marshal to accomplish service.  Plaintiff is advised that he may seek an Olsen review of his medical records to find the true name of the doctor who treated plaintiff, and to determine whether the doctor who treated plaintiff is incorrectly named in the complaint or whether the treatment dates may be incorrect.  Once plaintiff identifies the treating doctor, and service is accomplished on the doctor, plaintiff may seek the true name of the correctional officer through discovery.  It is plaintiff's responsibility to provide sufficient information for the Marshal to effect service.  See, e.g., Cramer v. Target Corp., 2010 WL 1849908, at *2 (E.D. Cal. May 6, 2010).  Plaintiff might accomplish this by contacting persons plaintiff believes were witnesses to the alleged incident that forms the basis of the action, completing a request for public records pursuant to the California Public Records Act, or by any other means, including an electronic search, available to plaintiff.  Plaintiff is granted ninety days to provide the additional information to serve defendants, including the completed USM-285 forms, copies of the complaint filed June 27, 205, and completed summons form (ECF No. 18).

II.      PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for assistance (ECF No. 20) is denied.

2.  Plaintiff is granted ninety days to provide the additional information to serve defendants, including the completed USM-285 forms, copies of the complaint filed June 27, 205, and completed summons form (ECF No. 18).

3.  Plaintiff's motion for the appointment of counsel (ECF No. 21) is denied without prejudice.

Dated:  February 24, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/yang1811.31.8e2

4